[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR ADDITUR
The jury awarded the plaintiff $3,000.00 in economic damages and $800.00 in non-economic damages.
The plaintiff claims that the award of $800.00 in non-economic damage is inadequate.
The instant automobile accident was of the rear-end variety for which the defendant accepted responsibility and the trial proceeded as a hearing in damages.
"Great deference is to be accorded a jury's award of damages. Litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right to a jury trial includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court . . ." Childs v. Bainer, 235 Conn. 107, 112. Also seeWichers v. Hatch, 252 Conn. 174, 175.
The discretion vested in the trial court in this regard is not arbitrary or capricious discretion, but rather, it is legal discretion to be exercised within the boundaries of settled law. "This limitation on a trial court's discretion results from the constitutional right of litigants to have issues of fact determined by a jury." "This right encompasses the right to have a jury and not the court decide issues of fact as to which reasonable people may reach different conclusion." Berryv Loiseau, 223 Conn. 786, 807 (1982). "Thus, the role of the trial court on a Motion to Set Aside the Jury's Verdict, is not to sit as a seventh juror, rather decide whether, viewing the evidence in light most favorable to the prevailing party, the jury could reasonably have reached CT Page 3559 the verdict that it did." Id. at 807-08.
Because setting aside or modifying a verdict deprives a litigant of his constitutional right to have disputed issues determined by a jury, the court must examine the evidential basis of the verdict.
There was evidence from which the jury could have concluded that the plaintiff suffered a soft tissue injury to the cervical spine area.
There was no claim of injury at the scene.
The plaintiff's course of care was documented with findings of full range of motion of the injured part; motor and sensory tests were normal. The complaint of radiation of discomfort referable to left shoulder may well have been attributable to x-ray evidence of antecedent pathology in said area.
The plaintiff lost 2-1/2 days from work as a bus driver and has worked regularly ever since.
The attending orthopedic surgeon's assessment of permanency was not based on AMA guide or formula but subjective complaints of discomfort. When last seen the plaintiff had a full range of motion and a normal lordosis of cervical spine.
It should be noted that the jury did not award the plaintiff the full amount of her claim of economic damages.
The court cannot say as a matter of law that the award of $800.00 for non-economic damages does not fall within the admittedly flexible limits of reasonableness.
Motion denied.
 John C. Flanagan Judge Trial Referee
CT Page 3560